## MOSES BOYNTON AND OTHERS v. F. J. TIDWELL.

It is a rule of the Common Law, and it is equally applicable in our pleadings, that a plea justifying the arrest of the plaintiff, upon the ground that a crime had been committed and that there was reasonable ground to suspect and accuse the plaintiff, must distinctly state the reasons for suspecting him.

But with us it is well settled, that if the pleading states substantially a good cause of action, or ground of defence, however defectively stated, it will be held good on general demurrer, or exceptions, unless the exceptions indicate the defect in the pleading, with such certainty as to enable the pleader to obviate the objection by amendment.

An exception that a plea does not state facts, but a conclusion, is vague and indefinite.

Where the petition in a suit for false imprisonment alleged that there was
no affidavit or warrant, under which the defendants acted, it was held that
the defendants ought to have been allowed to prove that they acted under
affidavit and warrant, notwithstanding they had not pleaded the same in jus-
tification.

Appeal from Panola. Tried below before the Hon. Wllliam
W. Morris.

Suit by F. J. Tidwell, appellee, against Moses Boynton,
John J. Boynton, John T. Dent and Elizabeth Boynton, for
false imprisonment. Among other things, the petition alleged
" that said defendants had made no affidavit to charge said of-
" fence and had no lawful warrant for the arrest and detention
" of this plaintiff."

Defendants demurred, pleaded not guilty ; denied all and
singular, &c. : and alleged specially, that if said plaintiff was
arrested at all, it was at the instance of John T. Dent, one of
these defendants, by regular process of law, upon reasonable
grounds, and without any malice, by virtue of a warrant issued
legally by A. F. Jordan, an acting Justice of the Peace in and
for said Panola county, on or about the —— day of May, A.
D., 1853, which warrant was based upon the affidavit of said
Dent, who had probable cause for said proceedings.

To these special allegations, plaintiff excepted " because
the same does not state facts, but a conclusion ; wherefore,
&c. ; and the exception was sustained.

The statement of facts showed that at the request of Moses
Boynton, Elizabeth Boynton and John T. Dent, witness Wild-
er went to White, Sheriff of Panola county, and also by the
residence of J. J. Boynton in Harrison county ; that wit-
ness, Sheriff White and J. J. Boynton went in company into
Louisiana ; that it was the understanding that Tidwell, the
plaintiff, should be arrested if found ; that they found him in
Louisiana and arrested him ; Sheriff White testified " that he
had conversations with some of the said defendants in reference
to his, said plaintiff's, arrest ; that he took the warrant at the

request of witness Wilder ; that he had never seen either of the parties previous to said arrest, except J. J. Boynton ; that he told Wilder and Boynton that he had no authority to arrest the plaintiff in Louisiana, but after consulting they, witness, Wilder and Boynton, determined to go and arrest him ; witness touched plaintiff on the shoulder and told him he was his prisoner, and informed him of the charge against him, whereupon plaintiff readily and voluntarily consented to go into the State of Texas ; that they all then returned together, and after recrossing the line into Texas, " witness arrested plaintiff under said warrant," and placed him under the care of Wilder and Boynton ; and that he was in custody about five days ; this was in May, 1853. These were all the facts proved.

The jury found for the plaintiff $100, against each of the defendants severally. Motion for new trial overruled, &c.

It appeared by bill of exceptions, that at the trial, the defendants offered in evidence an affidavit made before a Justice of the Peace of Panola county on the 22nd day of May, 1853, by John T. Dent, in which affiant stated that Elizabeth Boynton's corn pens and corn, and other property were burned on the night of 21st of May, 1853, and that affiant had just cause to believe and did believe that F. J. Tidwell, and another person named, did burn the same, or did aid and assist or procure the same to be done ; also that defendants offered in evidence a warrant issued same day by the Justice, upon said affidavit, to the Sheriff of Panola county for the arrest of said Tidwell; returned executed on the 24th of May, 1853 ; to which evidence plaintiff objected ; and the objection was sustained " because there was no plea of justification," &c.

*Bowden*, for appellants.

WHEELER, J. It is a rule of the Common Law, that a plea

justifying the arrest of the plaintiff, upon the ground that a crime had been committed, and that there was reasonable ground to suspect and accuse the plaintiff, must distinctly state the reasons for suspecting him. The object is to prevent surprise on the plaintiff at the trial, by the defendant then assigning various reasons and causes of imprisoning him, of which he had no notice, and which consequently he could not be prepared to meet at the trial on the plea of not guilty, on fair and equal terms with respect to the evidence and proof of facts. There is good sense in the rule; and it is equally applicable in our pleadings. But with us it is well settled, that if the pleading states substantially a good cause of action or ground of defence, however defectively stated, it will be held good on general demurrer, or exceptions, unless the exceptions indicate the defect in the pleading, with such certainty as to enable the pleader to obviate the objection by amendment. The plea of justification in this case is defective, in that it does not conform to the rule. It does not state that the defendant had committed, or was suspected of having committed any crime, or any reasons for suspecting him of the commission of a crime. But the exception does not point out this objection. It is quite as indefinite and uncertain as the plea, and might well have been overruled; inasmuch as the plea does state the substance generally of that, which, if well pleaded, would be an answer to the action.

But if the Court rightly sustained the exceptions, and held the plea insufficient to admit the evidence, still it was rendered admissible by the plaintiff's averments. He distinctly alleged that there was no affidavit or warrant, under which the defendants acted, and thus tendered that issue; and the defendants were at liberty to introduce evidence to disprove the plaintiff's averments. The evidence was material; for although it did not justify the arrest and imprisonment of the plaintiff in Louisiana, it showed that there was lawful authority for his imprisonment in Texas. (State v. Smith, 1 Bailey's Rep. 289;

Id. 290, note a,) and went to mitigate the damages.   It was error, therefore, to exclude it.

As this error must work a reversal of the judgment, it is unnecessary to discuss the other questions raised by the argument for the appellants.   It is clear, however, that there was no evidence to warrant the verdict as to any of the defendants except J. J. Boynton.   None of the others are shown to have been party or privy to any illegal or unauthorized act or proceeding.   Their having requested the witness to go to the Sheriff and to the residence of their co-defendant, in Harrison county, did not warrant the inference that they caused or procured the arrest of the plaintiff in Louisiana, or that they instigated, or contemplated the doing of any illegal or unauthorized act.   As to them the motion for a new trial ought on this ground to have been sustained.

The judgment is reversed and the cause remanded.

Reversed and remanded.