### Cora Haller v. The State.

#### No. 2859. Decided December 23, 1913.

#### Rehearing denied January 21, 1914.

**1.—Bribes—Officer—Legal Arrest—Warrant.**

Where, upon trial of bribing a policeman of an incorporated city, the evidence showed that just before the bribe was offered the officers made an arrest of a woman who was about to ply her vocation as a common prostitute, and that they acted without a warrant, the same was a legal arrest under article 261, Code Criminal Procedure, and the city ordinances, and defendant was therefore guilty of the offense of offering a bribe on the condition that the officer should release the prostitute.

**2.—Same—Evidence—General Reputation.**

There was no error in admitting in evidence the general reputation of the woman arrested to be that of a common prostitute, and also to show that the offer to bribe by the defendant was made to both officers who made the arrest, it being all one and the same transaction, and also, to show the reputation of the house in which the arrest was made.

**3.—Same—Sufficiency of the Evidence.**

Where, upon trial of offering a bribe to a policeman of an incorporated city, the evidence sustained the conviction under a proper charge of the court, there was no error.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. Robt. B. Seay.

Appeal from a conviction of offering to bribe a policeman; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Ed. B. Freeman* and *P. J. Hemphill* and *A. S. Baskett,* for appellant. —On question of the insufficiency of the evidence: Mundine v. State, 37 Texas Crim. Rep., 5; Beville v. State, 16 Texas Crim. App., 70.

On question of arrest without warrant: Moore v. State, 44 Texas Crim. Rep., 159; Ex parte Richards, 44 id., 561.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was convicted of offering to bribe W. B. Roddy, a policeman in the city of Dallas.

The evidence introduced by the State would show that appellant was running a rooming house in Dallas that had the reputation of being a bawdy house. That officers Roddy and Erwin entered this house at night, investigating. Mr. Roddy says: "We went in one room and found this man Eichelberger and the negro woman, Lovie Boyd, in the bed together. That white man was F. M. Eichelberger, and the girl was named Lovie Boyd. We arrested them. My partner then went upstairs and I remained in the room where Eichelberger and Lovie Boyd were. We arrested Lovie Boyd for vagrancy for being a prostitute and Eichelberger for vagrancy for associating with a prostitute. They were lying there in bed together and appeared to be asleep. She just had on a thin knit undershirt and it was all pulled up under her arms and he was naked, and he was lying kind of on her. I heard Cora talking to Mr. Erwin out in the hall when he came down from upstairs. I was in the room. All I heard her say to him was that she would give us five dollars a week apiece as long as we stayed on the force. Mr. Erwin came in where we were and she called me out in the hall. She told me she would give us two hundred dollars and five dollars a week as long as we were on the force if we would permit Eichelberger and Lovie Boyd to remain at her house and would not take them away. I told her I could not do it, and she insisted. She had some bills in her hand, I don't know how much, and said: 'Here, take the money, take the money!' About this time Eichelberger and Lovie had dressed and we started out with them and got out on the front gallery. I told Cora to come on and she said wait until she got her bonnet and she went out the back door and left. I never saw her any more that night. We then took Eichelberger and Lovie Boyd on down to the city hall.

"I know the general reputation of Lovie Boyd in the community in which she lives for being a common prostitute and that is that she is a common prostitute. I know the general reputation of Cora Haller's house in that community as to whether or not it is a house of prostitution. That reputation is that it is a house of prostitution." Mr. Erwin testified in substance the same thing.

Appellant earnestly insists that the arrest was not a legal arrest, and if she did offer the money, the arrest being illegal, she would be guilty of no offense. He presents the matter in various ways, and it is the main contention on this appeal. The record further discloses that this arrest was followed by a plea of guilty on the part of Lovie Boyd to being a common prostitute, but does not disclose whether or not Eichelberger was convicted of any offense. If Lovie Boyd was a common prostitute and bore that reputation, if the officers found her, as they say they did, plying her vocation, we think this would authorize her arrest under chapter 1, of title 5, of the Code of Criminal Procedure, and especially is this true under article 261, which reads: "The municipal authorities of towns and cities may establish rules authorizing the

arrest, without warrant, of persons found in suspicious places, and under circumstances which reasonably show that such persons have been. guilty of some felony or breach of the peace, or threaten, or are about to commit some offense against the laws." The record discloses the city of Dallas had enacted the following ordinance: "Article 8. Warrants of arrest shall issue against all persons against whom complaints have been filed and shall be executed by the chief of police, his deputies. or policemen. Arrests without warrant may be made by any police officer when offenses against the laws are committed in their presence or where persons are found in suspicious places, and under circumstances which reasonably show that such persons have been guilty of some felony or breach of the peace, or threaten or are about to commit some offense against the laws."

If the evidence in this case would not indicate that Lovie Boyd had been or was about to ply her vocation—that of being a common prostitute, which was a violation of the law, we fail to "read the signs correctly." It being our holding that the arrest without warrant, under these circumstances, was a legal arrest, disposes of the main contention of appellant, and that the court did not err in refusing to give the special charges requested.

It was permissible, under the circumstances, to admit evidence of the general reputation of Lovie Boyd, and the court did not err in so holding. It was also permissible to show that the offer was made to Erwin as well as to Roddy. It was in effect all one transaction, for the offer to pay them both was made to each, and in a few seconds of time. The offer and appeal being first made to one and then to the other in the presence of each of them. The reputation of the house of appellant was admissible, and would tend to throw light on why she would be making such an offer to the policemen, if she did make it. If they accepted the offer, she would be immune from arrest for running that character of house, as long as they were detailed to that portion of the city.

The evidence for the State amply supports the verdict, and the criticisms of the court's charge are without merit.

The judgment is affirmed.

*Affirmed.*

DAVIDSON, JUDGE, absent.

[Rehearing denied January 21, 1914.—Reporter.]