CANDAL ET AL., PLAINTIFFS AND APPELLEES, v. VARGAS ET AL., DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Humacao in an Action to Contest an Election.

No. 2418.—Decided March 29, 1921.

CONTEST OF ELECTION—NOTICE OF APPEAL.—The service of notice of appeal on the attorney for the adverse party in an action to contest an election brought under the Act of March 7, 1906, amounts to service on the adverse party.

The facts are stated in the opinion.

*Messrs. Soto* and *Feliú* for the appellants.

*Mr. R. Cuevas Zequeira* for the appellees.

MR. JUSTICE WOLF delivered the opinion of the court.

The appellees move to dismiss the appeal because the notice of appeal was never served on them. It is not disputed that it was served by mail on their attorney of record

in the contested election case from which the appeal was taken.

Section 11 of the Act of March 7, 1906, Session Laws of that year, p. 80, is particularly involved. The act is entitled "To provide a manner for contesting the election of officers other than members of the legislature and resident commissioner to the United States," and the section in question is as follows:

"Section 11.—Either the contestant or the contestee may appeal from the judgment of the district court to the Supreme Court within ten days from the rendition of the final judgment, and not later, by filing a written notice of said appeal with the secretary of the court after serving a copy thereof on the adverse party, and no motion for new trial shall be authorized before the appeal is taken, and such appeal shall be taken under the same rules and regulations as are provided for appeals in civil cases; and the appellant shall file with the notice of appeal a bond with two or more good and sufficient sureties, to be approved by the trial court or judge, conditioned that the appellant will prosecute his appeal to effect and will pay all costs that may be awarded against him by the Supreme Court, and such case shall have precedence in the Supreme Court over all other cases: *Provided,* That within thirty days after the final judgment is rendered, and not later, unless and extension is granted by the Supreme Court for good cause, the appellant shall file in the Supreme Court a transcript of all the proceedings had in the contest, certified to by the secretary of the trial court or by the attorneys of record of all the parties to the contest. When the transcript has not been filed within the thirty days allowed for the filing of the same, and no extension has been granted by the Supreme Court, or, if granted, the transcript has not been filed within the period of the extension, the appellee may obtain a certificate from the secretary of the trial court, which certificate shall contain the number of the suit, the names of the parties to the contest, a recital of the judgment in full and the date thereof, and shall be signed by the secretary and sealed with the seal of the court; and upon the filing of such certificate by the appellee in the Supreme Court, it shall be the duty of said court, without delay, to affirm the

judgment of the trial court and at once certify its action to the court below for observance."

The appellees maintain that the Act being a summary and special one, jurisdiction to be acquired by the court of appeals must be strictly construed and appeals taken in the sole manner authorized by the statute. They urge that if the Legislature had wished to permit an alternative method it would have said so, as it did in section 296 of the Code of Civil Procedure and as was done in section 3 of the said Election Act. They deny that said section 296 may be applied, either from the words of said Act itself, or by analogy, inasmuch as such an election contest may not be considered as a civil action in its ordinary sense, and they cite *Kreitz* v. *Behrensmeyer*, 8 A. S. R. 349; *Odell* v. *Wharton*, 87 Tex. 173; *Butler* v. *Turbeville*, 19 Tex. 121; *González* v. *Gallegas*, 62 Pac. 1102.

In opposition, the appellants say that the principal question involved is what interpretation should be put upon the words "adverse party" in the connection in which it is used, and furthermore that the Act itself gives force to the view that it was the intention of the legislators that matters of procedure should be governed by the Code of Civil Procedure.

Section 997 of the Revised Statutes of the United States provides:

"There shall be annexed to and returned with any writ of error for the removal of a cause, at the day and place therein mentioned, an authenticated transcript of the record, an assignment of errors, and a prayer for reversal, with a citation to the adverse party."

The words "adverse party" as used in said section have been invariably treated by the Supreme Court of the United States as including the attorney of record. *United States* v. *Curry*, 6 How. 112; *Bacon* v. *Hart*, 1 Blanck, 38; *Bigler* v. *Waller*, 12 Wall. 142, 147; *Scrubbs* v. *Memphis & Charleston R. R. Co.*, 131 U. S. cciv; *Tripp* v. *Santa Rosa Street*

*Railroad Company,* 144 U. S. 129; *Davis* v. *Wakeles,* 156 U. S. 684. The words of Chief Justice Taney in *United States* v. *Curry, supra,* have been frequently quoted, viz:

"So, too, as to the service of the citation on the attorney. It is undoubtedly good, and according to the established practice in courts of chancery. No attorney or solicitor can withdraw his name, after he has once entered it on the record, without the leave of the court. And while his name continues there the adverse party has a right to treat him as the authorized attorney or solicitor, and the service of notice upon him is as valid as if served on the party himself. And we presume that no court would permit an attorney who had appeared at the trial, with the sanction of the party, express or implied, to withdraw his name after the case was finally decided. For if that could be done, it would be impossible to serve the citation where the party resided in a distant country, or his place of residence was unknown, and would in every case occasion unnecessary expense and difficulty, unless he lived at the place where the court was held. And, so far from permitting an attorney to embarrass and impede the administration of justice, by withdrawing his name after trial and final decree, we think the court should regard any attempt to do so as open to just rebuke."

The words "adverse party" were thus unqualifiedly accepted by the Supreme Court of the United States as including within their definition the attorney of record.

The subject matter is summed up in 3 C. J. 1214:

"1314. *Sufficiency of Service—On Attorney.*—Service made upon or accepted by the attorney of the appellee or defendant in error is usually sufficient, generally by express statutory provision; but under the statute in some jurisdictions such service is only allowable where appellee or defendant in error is a nonresident or cannot be found."

"1335. (3) *Persons to be Served.* The persons to be served with notice are specified by the statutes of the different states. The provisions of such statutes are generally mandatory, and a failure to serve the notice on the persons specified, or on persons legally representing them for the purpose, is fatal.

"*On Attorney.*—When a statute requires service of a notice of appeal to be made upon a party, service upon the attorney is not a compliance, unless it is within some exception. But in the absence

of a statute providing otherwise or when a statute requires notice
of appeal to be served on the party or his attorney, service may
and generally must be made on the attorney of record for the
party, or upon the party." 3 C. J. 1230.

The citations made under section 1314, *supra,* from the
United States show that the writer of said section was say-
ing that the service made upon or accepted by the attorney
of the appellee or defendant in error is usually sufficient,
and this is true in the United States courts. The California
courts apparently construe the words in the same manner.
*Boca & L. R. Co.* v. *Superior Court, Etc.,* 88 Pac. 718; *Board
of Commissioners* v. *Younger,* 29 Cal. 147, 87 A. D. 164.

We should form the same idea from various sections of
our own Code of Civil Procedure. Section 320 provides that
the service of notice or other paper may be personal, by
delivery to the party or attorney on whom the service is re-
quired to be made, etc.

Section 201 says either party may bring the issue to a
trial or a hearing. Section 203, that the party obtaining a
postponement of trial in any court of record must, if required
by the adverse party, consent that the testimony of any wit-
ness of such adverse party, etc. Section 205, that when the
parties do not consent the court may, upon application or of
its own motion, direct a reference in the following cases, etc.
Section 216, that when a party desires to have exceptions taken
at a trial settled, etc. In none of these later sections could
it be doubted that "party" must necessarily include the at-
torney.

The citation from paragraph 1335, C. J., *supra,* says
"When a statute requires service of a notice of appeal to be
made upon a party, service upon the attorney is not a com-
pliance, unless it is within some exception," citing among
other cases *Abraham* v. *Stokes,* 39 Cal. 160; *Grant* v. *White,*
6 Cal. 55. These alleged authorities do not bear out the
text.

Corpus Juris, in paragraph 1314, *supra,* sums up the exceptions in this wise:

"But under the statute in some jurisdictions such service is only allowable where appellee or defendant in error is a nonresident or cannot be found."

The statutes of Louisiana and Texas, principally cited to support the text, distinctly provide that service can only be had upon the attorney when the defendant cannot be found.

The case on which the appellees most rely—*González* v. *Gallegas,* 62 Pac. 1103, *supra*—was, it is true, an election case in which the court held that the answer of the contestee served upon the attorney of record of the contestant was not sufficient. But there the statute itself (section 1732) provided that "A copy of the notice of contest, answer and reply be served respectively in the same manner as process is now by law required to be served in an action at law." The rule and the reason for it are very different from the considerations that affect the case at bar. Our own section 93 of the Code of Civil Procedure requires that a defendant must be haled into court by service. It is obvious that a party defendant generally has no attorney until he is first brought into court by a service. So that the rule clearly is, in matters of first service of a defendant, that he himself must be served and not his attorney. This being the rule, the statute of New Mexico definitely said the same kind of service must be had in case of an answer by a contestant to a contestee and the rule being clearly fixed by the statute, the Supreme Court of New Mexico was bound to follow it.

Section 3 of the Act of March 7, 1906, *supra,* says, among other things, that when a notice, complaint and reply have been filed with the secretary of the court, he shall docket the case as in other civil cases. Section 11, in the controversy, says that the appeal shall be taken under the same

rules and regulations as are provided for appeals in civil cases.

It is a great convenience that attorneys should have full control of cases from their inception to their conclusion. Something of this kind is indicated by section 348 of the Code of Civil Procedure where it says:

"An action is deemed to be pending from the time of its commencement until its final determination upon appeal, or until the time for appeal has passed, unless the judgment is sooner satisfied."

As from reason, and what we conceive to be the best trend of the authorities, service on an attorney is service on an adverse party, the motion to dismiss must be denied.

*Motion for dismissal overruled.*

Chief Justice Hernández and Justices Del Toro, Aldrey and Hutchison concurred.