## J. E. Smith v. The State.

### No. 7725.   Decided May 30, 1923.

**1.—Assault to Rob—Insufficiency of the Evidence.**

Where, upon trial of assault with intent to rob, the facts disclosed that defendant placed the injured party under arrest and threatened to put him in jail for illegally parking his car, and finally received from him a sum of money, and the defendant offered in evidence the city ordinance authorizing him as a citizen to arrest persons violating the parking law without warrant, which the court refused to admit in evidence, the same is reversible error.

**2.—Same—City Ordinance—Evidence—Collateral Attack.**

It is conceived that in this collateral proceeding it might not be proper to determine the validity of the particular ordinance in question; but its admissibility rests upon other grounds, and the question to determine was whether defendant obtained the money upon the threat to do an illegal act by falsely pretending to be an officer, or believed he was a person authorized to make the arrest.

Appeal from the Criminal District Court of Harris. Tried below before the Honorable C. W. Bobinson.

Appeal from a conviction of assault with intent to rob; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Fred L. Perkins,* for appellant.

*W. A. Keeling,* Attorney General, and *C. L. Stone,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—The offense is an assault with intent to rob; punishment fixed at confinement in the penitentiary for a period of two years.

The injured party Duclos was sitting in an automobile in company with a woman in a municipal corporation known as Magnolia Park. Appellant placed Duclos under arrest and threatened to put him in jail and finally received from him the sum of $11.05.

It is appellant's position that the State's witness parked his automobile at night without lights; that the alleged injured party and his companion were seen by him in a compromising position; that appellant arrested him but did not demand bond. He took the number of the car and directed witness to appear at the city hall; that the witness objected to being arrested and insisted upon paying to appellant the amount of the fine; that upon appellant's refusal to accept it, the witness laid the sum of $11.05 on the running board of the car. Appellant after picking up the money, mentioned the incident to his wife and while on his way to the city hall for the purpose of reporting the matter and delivering the money, he was arrested.

It appeared from the State's testimony that the money found in appellant's possession was marked money; that the prosecuting witness was a decoy and was not, in fact, in fear of detention as officers were nearby to protect him.

Many of the facts are controverted and a complete statement of them will not be undertaken and is not deemed necessary.

Appellant offered in evidence an ordinance of the city of Magnolia Park, containing this language:

"Any officer or citizen of the city of Magnolia Park may arrest without warrant any person found in a suspicious place and under circumstances which reasonably show that such person has been guilty of some felony or breach of the peace or that such person threatens or is about to commit some offense against the laws of said city or the State of Texas; and may arrest without warrant any person guilty of breach of the peace, vagrancy or an indecent exposure of the person of himself when such violation of the law is then committed in the presence and view of the person making such arrest."

The objection urged against the ordinance was that it was irrelevant and immaterial and that it was unconstitutional and void. It appears from the bill that appellant at the time took the position that the ordinance was admissible upon the issue of good faith and intent; that he had seen the ordinance published and that in the transaction complained of he was acting by virtue of it.

The statute, Art. 261, Code of Crim. Proc., reads thus:

"The municipal authorities of towns and cities may establish rules authorizing the arrest, without warrant, of persons found in suspicious places, and under circumstances which reasonably show that such persons have been guilty of some felony or breach of the peace, or threaten, or are about to commit some offense against the laws."

The legality of arrests made under ordinances enacted under this authority has frequently been sustained. See Beeville v. State, 16 Texas Crim. App. 70; Vann v. State, 45 Texas Crim. Rep. 434; Early v. State, 50 Texas Crim. Rep. 344; Presley v. Railway, 145 S. W. Rep. 669; Haller v. State, 72 Texas Crim. Rep. 294. It is conceived that in this collateral proceeding, it might not be proper to determine the validity of the particular ordinance in question. Its admissibility, it is conceived, would rest upon other grounds. According to the appellant's theory and testimony and the bill of exceptions, it was the basis of his action in doing the things of which complaint is made. From the State's standpoint, he obtained the money by means of the arrest with criminal intent. Under the pleading and the charge of the court, the jury was called upon to determine whether appellant obtained the money upon the threat to do an illegal act and falsely pretended to be an officer of the law and a person authorized to make the arrest. There is no specific testimony that the appellant represented himself to be an officer. This might have been implied from his conduct as viewed from the standpoint of the prosecuting witness, but so far as the testimony shows, the appellant made no such claim, and upon the trial, as revealed by the bills of exception, his claim was not that he was an officer but that his authority came from the ordinance mentioned. In refusing to receive the ordinance in evidence, it is the opinion of this court that there was committed error prejudicial to the appellant.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*