SMITH, Sheriff, v. BURDETT.

No. 1979.

Court of Civil Appeals of Texas. Waco.

March 3, 1938.

[redacted]

Penn J. Jackson and A. C. Chrisman, both of Cleburne, for appellant.

George Clark and Claude Miller, both of Waco, for appellee.

ALEXANDER, Justice.

R. L. Burdett sued Oran Smith, sheriff of Johnson county, in McLennan county for damages for alleged arrest and false imprisonment by Smith in McLennan county. The trial court overruled Smith's plea of privilege to have the cause transferred to Johnson county, the county of his residence. This ruling is assigned as error.

Upon the hearing on the plea of privilege, the proof showed that Smith caused Burdett to be arrested and imprisoned in McLennan county by the police of the city of Waco, and that later Smith went to the city of Waco and took Burdett into his possession and returned with him to Johnson county. Burdett was arrested on a suspicion of having stolen tools in his possession. It later developed that the tools found in his possession had not been stolen, and, as a consequence, he was released. The only material question in this case is where the burden of proof rested to prove that the arrest, which was admittedly made in McLennan county, was lawful or unlawful. Burdett introduced no evidence to prove that Smith did not have authority to arrest him or cause him to be arrested, and Smith introduced no evidence to prove that he had authority to make the arrest. Each party contends that the burden of proof was on the other.

[redacted] Normally, every one is entitled to his liberty, and when another, whether he be an officer or layman, interferes with such liberty and is called to account therefor, he may prove his authority or suffer the consequences. Consequently, the rule seems to be that the burden is on the one making the arrest or causing same to be made to prove the authority to do so. 19 Tex.Jur. 581; 25 C.J. 538, par. 146; Gold v. Campbell, 54 Tex.Civ.App. 269, 117 S.W. 463; Boynton v. Tidwell, 19 Tex. 118, 119. When Burdett proved that Smith caused his arrest and imprisonment in McLennan county, and that Smith later took him into his possession and transported him to Johnson county against his will, he thereby established an interference with his liberty, and the burden shifted to Smith to establish his authority for doing so.

The judgment of the trial court is affirmed.