THOMAS LEE SPOON V. THE STATE.

No. 23029. Delivered January 10, 1945.

The opinion states the case.

*Earl Shelton,* of Austin, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for the offense of aggravated assault and battery. The punishment assessed is a fine of $100.00 and confinement in the county jail for a period of six months.

It was charged in the complaint and information that on or about the 9th day of June, 1944, Thomas Lee Spoon, in Travis County, Texas, did then and there unlawfully in and upon W. W. White commit an aggravated assault, the said W. W. White then and there being a policeman of the City of Austin, Travis County, Texas, "and then and there in the lawful discharge of the duties of the said office of police officer, etc." It was further charged that theretofore, on the 29th day of March, 1944, the said Thomas Lee Spoon was duly and legally convicted in the County Court of Travis County of a similar offense upon a complaint and information then legally pending in said court and of which said court had jurisdiction and in which the conviction was a final conviction.

It will be noted that the State charged appellant with an assault upon a policeman under Section 1 of Art. 1147, P. C.

The evidence adduced by the State, briefly stated, shows that on the night of June 9, 1944, W. W. White was a policeman of the City of Austin, that on said night, about 11:00 P. M., he received a radio call from the police headquarters requesting

him to go to the Oasis Night Club and investigate a reported disturbance. He went immediately to the "Oasis" in company with Officer Pope. There they saw quite a number of people "milling around," and a man, nude from his head to the waistline, started running away toward the alley. Officer White followed and commanded him to stop which he did after getting into the alley. White asked the man what his name was to which he replied: "Thomas Lee Spoon." White then told him to "Come along," whereupon appellant grabbed White's right hand and took his billy away from him. In the scuffle which ensued the officer's pistol fell out of his scabbard and upon the ground. Then the fight became more serious and the officer was soon in a helpless condition, having been severely beaten on the head by appellant, who made his escape after picking up White's pistol. The officer admitted that he had no warrant for the arrest of appellant; nor is there any evidence that appellant had committed any offense in the presence of the officer. Consequently the arrest of appellant by the officer without a warrant was not authorized under Art. 212, C. C. P. However, Art. 214, C. C. P. empowers a municipality, by ordinance, to provide for the arrest without a warrant of persons found in suspicious places and under circumstances which reasonably show that such persons have been guilty of some felony or breach of the peace, or threaten or are about to commit some offense against the law. While the statute authorizes a city to enact such a law, yet, unless it is shown that such an ordinance was enacted by the city, the policemen would not be justified to act thereunder. We assume that the trial court realized that the officer had no authority under Art. 212, C. C. P., to arrest the appellant without a warrant and therefore instructed the jury that the ordinance of the City of Austin, Texas, provided that all policemen of said city are authorized and empowered, in the exercise of sound discretion, to arrest without a warrant any person or persons found in suspicious places, or any person found under circumstances reasonably tending to show that such person has been guilty of some felony or breach of the peace, or a violation of some municipal ordinance, or that he is about to commit some offense against some state law or against some municipal ordinance.

Appellant objected to this charge relative to what the ordinance of the City of Austin provided on the ground that no such ordinance had been offered in evidence. We think this was was a meritorious objection, and the trial court should have responded thereto. How the court, in the absence of proof of such ordinance, knew what its provisions were is not disclosed by the record. The court could hardly take judicial knowledge

of an ordinance of any particular municipality. Consequently the charge of the court instructing the jury of the existence of an ordinance of the City of Austin and its provisions, in the absence of any proof thereof, was erroneous. See Woods v. State, 119 Tex. Cr. R. 43.

There are other errors in the charge which we are not required to notice since no objections are addressed thereto specifically pointing out the errors. However, in view of another trial, we desire to direct the court's attention to Paragraph 19 of his charge in which he instructed the jury that "under the laws of the State of Texas, as well as the ordinance hereinabove referred to, Police Officer W. W. White, if the arrest or attempted arrest of Thomas Lee Spoon was *unlawful,* was authorized to use only such force as was reasonably necessary to cause the defendant, Thomas Lee Spoon, to submit to arrest." This is erroneous because if the arrest or attempted arrest was unlawful, the officer was not justified to use any force whatsoever to cause the defendant to submit thereto.

We also call the court's attention to Paragraph 18 of his charge which requires the jury to find beyond a reasonable doubt that the arrest or attempted arrest was illegal.

There are other inaccuracies in the charge which the court will no doubt discover upon a careful reading thereof.

From what we have said, it follows that the judgment of the trial court should be reversed and the cause remanded, and it is so ordered.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.