## PRICE v. DURDIN et al.

### No. 11933.

Court of Civil Appeals of Texas. Galveston.

Dec. 4, 1947.

P. H. Cauthan, Jr., of Trinity (Hutson, Chessher, & Cauthan, of Trinity, of counsel), for appellant.

Joe J. Newman, of Groveton, for appellee.

GRAVES, Justice.

This appeal is from a judgment of the 12th District Court, entered in part upon a jury's verdict in response to special issues submitted, and in part upon independent findings of the court itself, awarding the appellees an aggregate sum of $500 against the appellant as damages—$250 of it as actual, and the other $250 as exemplary—for what was declared-upon to have been and what the court found to be an unlawful arrest of the appellees by the appellant.

In inveighing here against the result of the trial so adverse to him below, the appellant presents a total of five points-of-error embodying, in controlling substance, these contentions:

(1) "Appellees failed to discharge the burden of showing that no ordinance had been passed by the City of Trinity, pursuant to Article 214, Code of Criminal Procedure, justifying the arrest of appellee by appellant, who was Chief of Police of said City."

(2) The undisputed evidence established these facts:

(a) That appellee, Mrs. Durdin, was, at the time of the arrest, not only obstructing and interfering with the appellant in the execution of his duties as Chief of Police of the City of Trinity, Texas, but also was engaged in disorderly conduct, and creating a disturbance, all within the meaning of Article 999, Vernon's Revised Civil Statutes of Texas;

(b) That the appellee Mrs. Durdin suffered no actual damages as a result of such arrest.

(c) That there was no malice on the part of the appellant in arresting the appellees.

None of these presentments, it is determined, should be sustained.

■■ In the first place, while it is true that Article 214 of Vernon's Texas Code of Criminal Procedure does vouchsafe to the municipal authorities of our towns and cities the privilege of establishing rules "authorizing the arrest, without warrant, of persons found in suspicious places, and under circumstances which reasonably show that such persons have been guilty of some felony or breach of the peace, or threaten, or are about to commit some offense against the law," it is further true that both the court and the jury found that none of these indispensably supporting-conditions for the application of that penal statute existed here; for instance, the jury in response to the special-issues submitted by the court found, in substance, these contrary facts:

(1) That Mrs. Durdin was not at the time engaged in any disorderly conduct, or disturbance, whatever;

(2) That she was not then interfering with the appellant in the execution of the duties of his office.

Those issues were fairly and clearly submitted by the Court, and the evidence amply supported the findings thereon. This took the cause out of the operation of the criminal statute so invoked by appellant in that connection.

Appellant, in his quoted contention upon this basic-issue of his appeal, mistakes the law, it is thought, on that subject. He relies for support of his position that the burden was upon these appellees to show that no such ordinance had been passed by the City of Trinity upon the case of Presley v. Ft. Worth, etc., 145 S.W. 669, by the Amarillo Court of Civil Appeals.

The answer to that position would seem to be that, under the facts thus found by the court and jury, it was not necessary for the appellees to prove that the City of Trinity did not have an ordinance based upon such Article 214; particularly so, since the jury in so negativing the existence of any supporting-conduct under that article, could only have found, under the actual evidence before it, which is not controverted, that Mrs. Durdin was doing nothing at the time of the arrest, except to remain sitting in the office of the Justice of the Peace talking to that official's wife, at the latter's invitation, while awaiting the return there of the Justice himself; hence, she had not been creating any disturbance

at all, nor was she at any place she did not have a right to be.

■ These authorities fully vindicate such right on her part, as the trial court properly found and held: Smith, Sheriff, v. Burdett, Tex.Civ.App., 114 S.W.2d 384; Castillo v. Canavati, Tex.Civ.App, 152 SW. 2d 785; Citizens Hotel Co. v. Foley, Tex. Civ.App., 131 S.W.2d 402; Joske v. Irvine, 91 Tex. 574, 44 S.W. 1059; Spoon v. State, 148 Tex.Cr.R. 44, 184 S.W.2d 627; Presley v. Ft. Worth & D. C. R. Co., Tex.Civ.App., 145 SW 669; Words and Phrases, Perm. Ed., Vol. 40, Page 931.

Moreover, even if it had been necessary, as indicated, it is plain that appellant improperly applies the holding in the Presley case, as so cited and depended upon by him, to the situation here; this for the reason that the facts there showed the Presley controversy was neither comparable nor analogous to this situation.

· In this instance, appellee-Mrs. Durdin charged appellant-Chief-of-Police with having unlawfully and maliciously, without a warrant, first arrested her while she was peaceably and rightfully in the office of the Justice of the Peace, and then likewise forcibly ejected her therefrom and confined her in the Trinity City Jail for about 3 hours, "with negroes, and among alleged violators of the law." He, generally and expressly, denied all these charges, and, by his evidence, sought to show that the arrest was lawful, in that she had committed the claimed acts for which she could be arrested without a warrant.

■ The issue thus joined brought the rule stated in 19 Texas Jurisprudence, page 581, paragraph 32, into direct application, to-wit: "Where the defendant contends that the arrest was lawful, in that the plaintiff had committed a crime for which he could be arrested without warrant, the burden of proof is upon the defendant to show that the acts of the plaintiff come within the statutory-definition of the crime alleged." 25 Corpus Juris, par. 146, top page 539, column 1, and authorities cited in foot-notes 16 and 17, 35 C.J.S., False Imprisonment, § 55, notes 4 and 5; Alamo Downs, Inc., v. Briggs, Tex.Civ.App., 106 S.W.2d 733, 735; Gold v. Campbell, 54 Tex.Civ.App. 269, 117

S.W. 463; Gregg v. First State Bank of Bishop, Tex.Civ.App., 125 S.W.2d 319.

The trial court submitted the damage-issues, raised under the pleadings and evidence, in special-issues Nos. 3, 4, and 5— the first inquiring what actual-damages Mrs. Durdin had sustained as a proximate result of the arrest; the second, whether or not the appellant had been "prompted by malice, as that term is hereinafter defined, at the time he arrested Mrs. Annie Durdin"; and the third, in the event malice had been found, what amount should be allowed Mrs. Durdin as exemplary-damages.

The jury answered that the appellee had suffered $250 actual-damages, that appellant had been prompted by malice in arresting her, and that the sum of $500 should be allowed her as exemplary-damages.

Thereafter, on direction of the court, the appellees remitted $250 of the amount so allowed by the jury as exemplary-damages, thereby reducing the total judgment in the appellees' favor to the $500, as recited supra.

The uncontroverted evidence showed that not only had Mrs. Durdin been so arrested at the time and jailed, under the circumstances above set out, but that further, her young minor son and her husband had been likewise arrested and incarcerated. There is little pretense that either the son or the father was guilty of anything except that each happened to sustain the stated relationship to the mother and wife, and that appellant gathered them, along-with her, into the jail.

■ She was a woman 40 years old, had never been in jail before, nor shown to have been other than a self-respecting and respected member of the community, in which she lived; further, that she had known the Justice of the Peace and his wife at the time of this arrest for quite a while, on rather close relationships, and, as above recited, had gone to the combined residence and office of the Justice of the Peace, from which she was so removed by the appellant to the City Jail, at the invitation of the justice's wife, with whom she had been engaged in conversation at the time; that she was greatly embarrassed and humiliated by having been so placed in jail, and suffered therefrom to the extent that she had been

moved to hide her face from her old neighbors, even to the extent of contemplating removal from that community; and that all of such consequences had been the direct and proximate result upon her of appellant's action in so arresting her, her son, and husband, and placing and retaining them in such City Jail.

In these circumstances, it is thought to follow, as night the day, that some monetary-compensation to her was allowable; not only so, but that the small sum of $250 was not excessive.

■ Likewise, the added sum of $250 so allowed as a punitive recovery against the appellant, upon the finding that his act had been malicious, may not be regarded as unauthorized, or excessive.

■ Indeed the parties on the appeal seem to agree upon the legal result that malice may properly be presumed from the doing of what is shown to have been an intentional and illegal act, as held by the court in Alamo Downs, Inc., v. Briggs, Tex.Civ. App., 106 S.W.2d 733.

These conclusions require an affirmance of the judgment. It will be so ordered.

Affirmed.