**FOUST et al. v. FORD.**

No. 14926.

Court of Civil Appeals of Texas.
Fort Worth.

March 5, 1948.

Rehearing Denied April 2, 1948.

B. N. Richards, of Dalhart, for appellants.

Donald & Donald, of Bowie, and Art Schlofman, of Dalhart, for appellee.

HALL, Justice.

This is a plea of privilege suit, wherein appellee, Fred Ford, of Montague County, Texas, in October, 1940, sued, in the District Court of said County, H. D. Foust, Sheriff of Dallam County; R. U. Counts, County Clerk of Dallam County; Harry Shultz, County Attorney of Dallam County; American Surety Company, a corporation; Fidelity and Deposit Company, a corporation; and Dick Lawrence, Sheriff of Montague County. Appellee alleged, as cause of action, damages for his unlawful arrest and false imprisonment in the Montague County jail. All of the above named defendants except Lawrence duly filed their pleas of privilege to have the cause transferred to Dallam County, Texas, the County of their residence and/or where they have legal representatives.

On December 11, 1947, the case was called for trial on its merits and the pleas of privilege. The jury was unable to agree and after their dismissal the defendants, except Lawrence, asked for a ruling on their pleas of privilege, and in compliance thereto the trial court overruled such pleas; hence, this appeal.

Subdivision 9 of Article 1995, Vernon's Ann.Civ.St., as amended, reads as follows: "A suit based upon a crime, offense, or trespass may be brought in the county where such crime, offense, or trespass was committed, whether committed by the defendant or by his agent or representative, or in the county where the defendant has his domicile."

In the case of Smith, Sheriff, v. Burdett, Tex.Civ.App., 114 S.W.2d 384, the rule is re-announced to the effect that normally every one is entitled to his liberty and when an officer interferes with such right he is to account therefor and if he does not prove his authority he shall suffer the consequences; therefore, the burden is placed upon him to prove the authority under which he acts and when the aggrieved person introduces evidence to prove that he has been arrested against his will, the burden then shifts to the officer making the arrest to establish his authority for doing so.

The undisputed evidence shows that appellee was on Wednesday, July 5, 1939, convicted in the County Court of Dallam County for a misdemeanor and his punishment was assessed at a fine of $50.00; the County Court's judgment entered committing appellee to jail until such fine was paid; that appellee's motion for a new trial was overruled on July 22, 1939; and that thereafter the County Clerk of Dallam County, Texas, on the 29th day of July, 1939, issued a capias pro fine, setting out, among other things, the following:

"To the Sheriff or any Constable of Dallam County, Greeting: Whereas, on the 5th day of July 1939, ——— was found guilty of the offense of Maintaining a Nuisance and adjudged to be confined in the County Jail for the period of — and fined in the sum of Fifty and NO/100 Dollars and adjudged to pay all costs. These are therefore to command you to take the body of said Fred Ford and safely keep in the County Jail of said County until said fine and costs (as per bill annexed) be paid, and until said judgment be performed.

"Herein fail not, under penalty of the law, but of this writ and your services thereon make due return as the law directs."

A part of the Sheriff's return shows in substance that the same came to hand on the 29th day of July, 1939 at 5:00 o'clock P. M. and executed on the 12th day of September, 1939, at 3:00 o'clock P. M. by arresting Fred Ford for nonpayment of fine and cost.

The undisputed evidence further reflects that the case had been appealed from an inferior court to said County Court of Dallam County.

The undisputed facts further show that appellant Foust, as Sheriff, wired Sheriff Lawrence of Montague County to arrest appellee and hold him in jail; that Lawrence did arrest appellee and place him in the Montague County jail, and Foust removed appellee from there and incarcerated him in the Dallam County jail.

This state of facts in our opinion does not constitute a trespass in Montague

County upon appellee's person. Appellee contends that the arrest was unlawful because he was out on bond, having appealed his case to the State Court of Criminal Appeals. This contention is not tenable, because even though he undertook to make some kind of an appeal bond for the purpose of appealing his case to the Court of Criminal Appeals, the same would have been unenforceable and unlawful for the reason that Article 53, Vernon's C.C.P., reads as follows:

"The Court of Criminal Appeals shall have appellate jurisdiction coextensive with the limits of the State in all criminal cases. This article shall not be so construed as to embrace any case which has been appealed from any inferior court to the county court or county court at law, in which the fine imposed by the county court or county court at law shall not exceed one hundred dollars."

 Under the terms of this statute, the Court of Criminal Appeals acquired no jurisdiction to hear and determine the appeal, and the conviction became final when appellant's motion for a new trial was overruled and judgment entered. Harlan v. State, 138 Tex.Cr.R. 47, 134 S.W.2d 289.

■ The duly elected and qualified officers of Dallam County should not be liable for performing their duty, even though there was some delay in doing so. It was the duty of the sheriff under the law immediately after final conviction of appellee to take him into custody and to place him in the county jail; there to hold him until the fine had been paid under Articles 787 and 788, Vernon's C.C.P., or until the court may have deferred judgment under Article 698, Vernon's C.C.P., or until he had sufficiently discharged said fine by imprisonment in jail under Article 793, Vernon's C.C.P., as amended, and/or until said fine may have been remitted by the judge.

■ Even if appellee had authority to appeal his case to the Court of Criminal Appeals, we doubt the sufficiency of the bond which he proved by parol testimony to perfect an appeal to the Court of Criminal Appeals, for the reason it was shown to have been a bail bond signed by sureties, OKed by the Sheriff and filed with the Clerk, but it failed to show that this was done after the adjournment of the term of court. The testimony indicates the bond was perfected during the term. If it had been perfected prior to the adjournment of the term of court, such a bond would be ineffective in that it would not perfect an appeal. If an appeal was available by perfecting a bond during the term of court, then said bond should have been in the form of a recognizance, as prescribed under Articles 830 and 831, Vernon's C.C.P. See Watson v. State, Tex.Cr.App., 190 S.W. 2d 830; Adams v. State, 127 Tex.Cr.R. 434, 77 S.W.2d 537.

Finding appellants met the burden of proof in showing that the arrest of appellee was lawful, the trial court erred in overruling the pleas of privilege.

The judgment of the trial court is reversed and the case is ordered to be transferred to the District Court of Dallam County, Texas, the residence of appellants.