## T. L. ATTAWAY V. THE STATE.

*No. 797.    Decided February 5th, 1896.*

**1.  Bills of Exceptions—Confession.**

A bill of exceptions presenting various grounds of objection reserved to the admis-
sion in evidence of the confessions of defendant, which does not set out the confession
is too indefinite for consideration.

**2.  Charge—Corroborative Proof of Confession.**

Where the court charged the jury that, "No person can be convicted upon his con-
fession unless it is corroborated by other evidence, and whether there is such evi-
dence is for the jury to determine." Held: Sufficient in the absence of requested
special instructions amplifying the law upon the subject.

**3.  Burglary—Charge of Court.**

On a trial for burglary, where the defendant's confessions have been proved, and
the burglary itself proved aliunde, a charge of the court was authorized, which in-
structed the jury that, "If a man named C. planned a burglary, and defendant and
another agreed to assist in the burglary, knowing its unlawful character, and all
were present and went into the house in furtherance of the plan, each would be guilty
of such burglary," and was a pertinent application of the law to the facts.

**4.  Corpus Delicti—Confession.**

It is well settled that the corpus delicti of a crime cannot be proved alone by con-
fessions. But, where a burglary is proved aliunde, the confession of a defendant is
sufficient to connect him with it.

APPEAL from the District Court of Hunt.    Tried below before Hon.
E. W. TERHUNE.

This appeal is from a conviction for burglary, the punishment being
assessed at two years' imprisonment in the penitentiary.

The case is sufficiently stated in the opinion.

*Joseph F. Nichols*, for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—The appellant was convicted of burglary. The
indictment charged the house burglarized was occupied by J. A. Dunlap,
and that the same was entered without his consent.    The confession of
the appellant was introduced in evidence against him.  This was objected
to on various grounds.   What the confession was, is not stated in the
bill of exceptions.   The court states in an explanation to the bill, that
a proper predicate for the introduction of said confession was laid before
the confession was admitted.   As presented, the bill is too indefinite to
authorize its consideration.    But if we look to the statement of facts to
ascertain what the confession was, after the predicate was laid, it was
clearly admissible, and the court did not err in admitting it.    The court
charged the jury that "no person can be convicted upon his confession,
unless it is corroborated by other evidence, and whether there is such
evidence is for the jury to determine."    This was objected to, because
it does not sufficiently and accurately charge the law of corroborative
proof of confession.    In the absence of requested special instructions in
regard to the matter referred to in the charge, we think this is sufficient;
and, if the defendant desired this phase of the law more specifically

charged, he should have asked a special instruction. The court further charged the jury that "if a man named Cox planned a burglary, and the defendant and another agreed to assist in the burglary, knowing its unlawful character, and all were present and went into the house in furtherance of the plan, each would be guilty of such burglary." This was excepted to, because there was no evidence proving that the parties acted together in entering the house, except the voluntary confession of the defendant to that effect. The court had previously given the law in charge to the jury, defining who were principals. There is nothing in this exception. If it be a fact that Cox did plan the burglary, and the defendant and another agreed to .assist him in the burglary, and went into the house in furtherance of the plan, each would certainly be guilty of the burglary as principals. A burglary being proved aliunde, the offense in this case was made by the defendant's confession that Cox did plan the burglary, and he and Mitchell agreed to and did assist him in committing the burglary, and took from the burglarized house a watch and some watch chains and other property. The State relied upon this confession to connect the defendant with that burglary; and the defendant's confession was to the effect that Cox did the planning, and he and Mitchell assisted him in the burglary, and that all three went into the house. We think the charge was a pertinent application of the law to these facts. It is contended that the evidence is not sufficient to support the conviction, in this: That the State did not by any evidence corroborate the defendant's confession, by proving aliunde the corpus delicti. We think it is well settled that, to convict on the confession of a defendant, the corpus delicti must be shown aliunde. It cannot be done by the confession. In this case the proof of the corpus delicti is sufficiently made, independent of any confession. It is shown that the house was closed, and all of the openings fastened securely, when the proprietor left it on Saturday night, some time after dark. On the following morning, the watch and watch chains and other property were found to have been taken from the house. This is sufficient evidence of the fact that a burglary had been committed during the night by somebody. In this state of case, the confession of the appellant was sufficient evidence to connect him with that burglary. It is well settled, the corpus delicti being proven, that the confession of the party accused of the crime is sufficient to connect him with that crime. Finding no error in the record, the judgment is affirmed.

*Affirmed.*