### THOMAS LANDRETH v. THE STATE.

No. 2639. Decided November 12, 1902.

Motion for Rehearing Decided December 11, 1902.

**1.—Horse Theft—Continuance on Motion for New Trial.**

On a trial for horse theft, the application for continuance, considered on the motion for new trial, was properly overruled where, from the evidence adduced on the trial, it appeared that no such person as the absent witness was known in that country, and where the statements and conduct of the accused negatived the facts proposed to be proved by the witness.

**2.—Same—Circumstantial Evidence—Charge.**

On a trial for horse theft, the court did not err in failing to submit, in the charge, the law of circumstantial evidence, the defendant having stated that he took up the animal.

**3.—Same—Defense of Purchase.**

On a trial for horse theft, defendant can not avail of the defense of purchase, where the purchase was subsequent to and had no relation to the original taking, and where defendant's statements in relation to said purchase were unreasonable, in that he did not give the name of the party from whom he purchased.

ON REHEARING.

**4.—Same—Corpus Delicti.**

While it is true that the bare extrajudicial confession of defendant will not establish the corpus delicti, yet such confession, in connection with other facts and circumstances proved, may be amply sufficient, as in this case, where defendant, when found in possession of the stolen animal, stated that he had taken it up on the authority of a party, and subsequently stated that he bought it; and when he, later on, sold it in a distant county under an assumed name.

**5.—Same—Reasonable Doubt—Charge.**

On a trial for horse theft, where the court, in effect, charged the jury that "if they found, from the evidence beyond a reasonable doubt, that the

horse mentioned in the indictment had been stolen, * * * and that recently thereafter, defendant was found in possession of said horse," ·etc.; said charge was not obnoxious to the objection that it required defendant to prove his statements as to his possession beyond a reasonable doubt. The reasonable doubt is made evidently to apply to the theft, and not to defendant's statement or account of his possession.

**6.—Same—Estray—Unknown Owner.**

On a trial for horse theft, proof that the animal was an estray is sufficient to support the allegation that the owner was unknown.

Appeal from the District Court of Taylor. Tried below before Hon. N. R. Lindsey.

Appeal from a conviction of theft of a horse, alleged to belong to an unknown owner; penalty, two years imprisonment in the penitentiary.

The opinion states the facts sufficiently.

*Cunningham & Oliver,* for appellant. -

*Rob't A. John,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of the theft of a horse, and his punishment assessed at confinement in the penitentiary for a term of two years.

He applied for a continuance for the testimony of Bob Matthews, by whom he expected to prove that about the middle of January or first of February, while hunting horses for State's witness Willis, Bob Matthews gave him a description of a mare suiting that mentioned in the indictment, and represented her to be the property of his (Matthews') kinsman, and requested appellant to take up the mare for him, promising to pay appellant for his trouble in so doing. Viewed from the standpoint of the motion for new trial, we do not believe the court erred in refusing this application. The facts show that appellant told witness Willis that he got the mare in a "pocket" near Stith, in Jones County, and that Bob Matthews told him the mare was an estray, and that she belonged to a relative of his (Matthews), who was then in Arkansas, and further told appellant that she would die for water if some one did not take her up, but that he (Matthews) did not intend to have anything to do with her. Appellant further stated that he was going to sell the mare, but was going to sell her as an estray. Witness advised him to estray the mare before he handled or disposed of her. This appellant declined to do, stating that he would tell whoever bought the mare that she was an estray. Appellant told his father-in-law, Daniels, that he had bought the mare from a man in the road west of Abilene. This occurred about the middle of February, the mare having been taken up about the 1st of February. He stated to Deputy Sheriff Peevy, when arrested, charged with the theft of the mare, that he did not steal the animal; that he took up the little brown mare (the one in question) to keep her from starving for want of water, and subsequently bought her. After keeping the mare a few days, he rode her from Abilene into Eastland County, to the town of Cisco, where ·he

traded her and another horse to witness Mayhew, stating his name was Bob Matthews, and that he was from Sweetwater, and the reason he desired to trade the two horses was because the gray horse had given out. He further stated at the time of the trade that he was going to Fort Worth, but upon leaving the town of Cisco he went in the opposite direction. The witnesses John and Thomas McClure testified to the same facts as did the witness Mayhew. It was shown by Swann, sheriff of Jones County, and J. W. Mathis, that they had never heard of such a man as Bob Matthews in that county. Swann stated that he had been sheriff and tax collector of Jones County for eight years, and was well acquainted in that county and around Stith, the place appellant stated he found and took up the mare. Appellant introduced no testimony. Under the state of the record, the testimony is not probably true. In fact, as we understand this case, this application for continuance does not suggest itself as meritorious.

Exception was reserved to the charge because it failed to submit the law applicable to circumstantial evidence. Appellant's statement that he took up the mare relieves the court of charging this phase of the law.

The court charged the jury in regard to the reasonableness of the account appellant gave of his possession of the animal in accordance with the principles laid down in Wheeler v. State, 34 Texas Crim. Rep., 350. The charge is therefore sufficient on this question.

It is contended that the court should have further charged the jury, in substance, that, if they believed he bought the animal, they should acquit. The evidence bearing upon this phase of the case is that he bought the animal from a party whose name is not given, some time after he had reduced her to possession. If in fact he did purchase her, it was subsequent to his taking her from the range, and could have no relation to the original taking, or relieve the original taking of any of its consequences. The theft was committed prior to his alleged purchase, and his statement in regard to the purchase, under the facts, is not a reasonable account. The charge, as given, is sufficient on this phase of the case.

We are of opinion there was no error committed on the trial, and the judgment is therefore affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

DAVIDSON, PRESIDING JUDGE.—The judgment was affirmed at a previous day of this term, and now comes before us on appellant's motion for rehearing. His first ground is based on the alleged insufficiency of the evidence to establish the corpus delicti, for the reason there is no evidence aliunde appellant's confession showing or tending to show theft. We are referred to Willard v. State, 27 Texas Crim. App., 386; Attaway v. State, 35 Texas Crim. Rep., 403; Ewing v. State, 29 Texas

Crim. App., 434; Hill v. State, 11 Texas Crim. App., 139. There is no question as to the correctness of those decisions, and it is doubted if an authority can be found that will maintain the proposition that an extrajudicial verbal confession forms a sufficient predicate for the conviction for theft or any other crime. The Attaway case lays down the proposition that the confession can be used to connect a defendant or party on trial with the offense after the corpus delicti is proved; in other words, where the facts show an offense, but fail to connect any individual with that offense, the confession of the party on trial is sufficient predicate to connect him with that offense and justify his conviction. Kugadt's case, 38 Texas Crim. Rep., 681, extends the rule a little farther, and decides that the confession may be used to assist in proving the corpus delicti. But we know of no case that questions the rule in the Attaway case. The weight of authority seems to support the decision in the Kugadt case. The rule sought to be invoked by appellant has no application to the case in hand. Appellant was found in possession of the animal, and when his possession was challenged he stated that he took it up "in Stith's pocket" on the authority of one Matthews, who, he says, informed him that it belonged to a relative of Matthews, living in Arkansas. Another statement of appellant, later on, was that he bought it from a party. It occurs to us, there is no question that this proves the corpus delicti. It appears that appellant had the horse; that it did not belong to him. He claims to have taken it up by virtue of authority from Matthews, at one time; at another time, claims to have bought it from a stranger in the road; and, later on, sold it in a distant county under an assumed and false name. In Hill's case, supra, the only evidence was his confession made outside of court to his half-brother, Jewett. The State relied exclusively upon the confession. In regard to the corpus delicti, in Hill's case, the evidence was that the horse was in the field, and disappeared at night. Appellant's confession was that he took the horse and put it in Jim Pierce Wright's cattle herd, and it was taken "west." There was evidence that the horse disappeared from the field, but none that appellant ever had it in possession, nor anything to do with its disappearance, outside the confession. There is no analogy between this and that case.

Another ground of the motion is that the court erred in requiring appellant to prove the account he gave of his possession beyond a reasonable doubt. We do not so understand the charge. That portion of it referred to is as follows: "If you find from the evidence, beyond a reasonable doubt, that the horse mentioned in the indictment had been stolen from some person to the grand jurors unknown, and that recently thereafter the defendant was found in possession of said horse," etc. The reasonable doubt does not apply to the account given by appellant, but to the theft of the horse.

It is again urged that the evidence is not sufficient; the main insistence being that the animal was an estray, and not the property of an

unknown owner. Ordinarily speaking, an estray would be regarded as the property of an unknown owner. The witnesses testifying as to this phase of the case speak of it as being an estray, and that the owner was unknown, etc. We do not believe there is any merit in this contention. The evidence is amply sufficient.

The motion for rehearing is accordingly overruled.

*Motion overruled.*