DOUGLAS CHILDRESS V. THE STATE.

No. 10834.   Delivered April 13, 1927.

1.—**Assault With Prohibited Weapon—Requested Charge—When Refused— Exception Must Be Reserved.**

When a requested charge is refused by the trial court, an exception must be taken to such refusal, and noted on the charge itself, or preserved in a bill of exception, or the matter will not be reviewed on appeal.

ON REHEARING.

**2.—Same—Apprehending Thief—Right to Arrest—Statute Construed.**

Where a person is caught in the act of committing a theft, with the stolen property in his possession, a private citizen has the legal right to seize and deliver the thief to a peace officer, and an assault committed by the thief in resisting such an arrest is not justifiable, under our statutes. See Art. 325, C. C. P.; English v. State, 34 Tex. Crim. 194; Porez v. State, 29 Tex. Crim. App. 618, and Luera v. State, 12 Tex. Crim. App. 257.

Appeal from the Criminal District Court of Travis County. Tried below before the Hon. James R. Hamilton, Judge.

Appeal from a conviction for an assault with a prohibited weapon, penalty two years in the penitentiary.

The opinion states the case.

*Warren W. Moore* and *Shelton & Shelton* of Austin, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BETHEA, JUDGE.—The appellant was convicted of the offense of assault with a prohibited weapon, and his punishment assessed at two years confinement in the state penitentiary.

The record contains no bills of exception. There is but one special charge requested by appellant, and it was refused by the trial court. The refusal of said special charge was not excepted to and for this reason is not entitled to consideration by this court.

We have examined the learned trial judge's charge and find that the same amply and correctly presented the law applicable to this case and is not subject to the objections and exceptions made to same. The indictment sufficiently charges the offense, and the evidence abundantly supports the verdict. Finding no errors in the record, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Daughdrill parked his automobile on the public street in the City of Austin and went away for a short time to transact some business. As he was returning to the car he noticed appellant apparently searching it. Upon being

asked to explain his conduct he said some one had told him there was whiskey in the car and that he was looking for it. Daughdrill charged him with stealing things from the car and took hold of his arm and insisted that appellant go with him. Appellant took some socks, handkerchiefs and other things from his pocket, placed them on the seat and importuned Daughdrill to let him go. These articles had been taken from a grip which was in the car. Appellant had also taken Daughdrill's pistol out of the grip, and had it in his possession at the time, which fact was then unknown to Daughdrill. When the latter refused to pass the matter up, and insisted that appellant go with him, appellant broke loose, cursed him, drew and presented the pistol and temporarily made his escape, taking the pistol with him. The court charged the jury that "any person having reasonable grounds to believe that property is stolen may arrest the offender and seize the property whether he is an officer or not." Upon the trial the appellant contended that Daughdrill's act in taking hold of him and insisting that he accompany him was illegal and an assault upon appellant. He excepted to the charge of the court because it failed to instruct the jury that appellant had a right to defend himself against an assault, and because he claimed the court had in effect told the jury that the prosecuting witness had a right under the circumstances to commit an assault upon appellant. He renews these contentions in his motion for rehearing. We cannot construe the charge as being subject to the criticism urged. It was evidently based upon Article 325, C. C. P., which reads:

"All persons have a right to prevent the consequences of theft by seizing any personal property which has been stolen, and bringing it, with the supposed offender, if he can be taken, before a magistrate for examination, or delivering the same to a peace officer for that purpose. To justify such seizure, there must, however, be reasonable ground to suppose the property to be stolen, and the seizure must be openly made and the proceedings had without delay."

This provision of law has been in our statutes for many years and has received construction in English v. State, 34 Tex. Crim. Rep. 194, 30 S. W. 233; Porez v. State, 29 Tex. Crim. App. 618, 16 S. W. 750; Luera v. State, 12 Tex. Crim. App. 257. The charge complained of seems to have been applicable under the facts and justified by the authorities.

Believing the case to have been correctly decided, the motion for rehearing is overruled.

*Overruled.*

Morrow, P. J., absent.