JOE WOODS v. THE STATE.

No. 14613. Delivered February 17, 1932.

44

The opinion states the case.

*Jas. D. Buster,* of Sherman, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is assault with intent to murder; the punishment, confinement in the penitentiary for five years.

The City of Whitesboro had been duly incorporated, the governing body being composed of five aldermen and the mayor. Chess H. Estis, the injured party, was marshal of the city. The city council had not passed an ordinance putting into effect the provisions of article 214, C. C. P. Prior to the 24th of February, 1931, the governing body of the city had instructed the city marshal to arrest persons, without warrant, when he found them strolling about the city at night in suspicious places. The council had met and determined that such instructions should be given to the marshal. No record was made of the matter, the mayor testifying that no minutes of the meeting were kept, and that no ordinance was enacted. The mayor testified as follows: "The only way I gave the instruction was by verbal instruction and I understand that I had the power to do that and I just told him to do it. I just told him to pick up suspicious characters without a warrant whether they were violating the law or not. In other words it would be dangerous for a stranger to come there if he would hang around suspicious places."

On the night of the asasult the injured party saw appellant and another man in an alley in the city of Whitesboro near the Methodist church. This alley was generally used by the public. The hour was late, and the injured party approached appellant and his companion and asked them what they were doing. Appellant's companion replied that

they had just started through the alley for the purpose of going to town to get something to eat. The officer advised the parties that he was an officer and told them to put their hands up in order that he might search them. At this time appellant was standing to the right and approximately two feet from the officer. The officer proceeded to search appellant's companion. According to the officer's testimony, as he approached appellant, appellant said: "D—n you, I will see what you can do." Pulling a pistol, he fired several shots at the officer. None of the shots took effect. The parties fled and were pursued by the injured party. He shot and wounded appellant. Appellant and his companion were doing nothing at the time the officer attempted to search them. It developed upon the trial that the parties had intended committing the offense of burglary on the night in question. However, the officer did not know this at the time he attempted to make the search. The state introduced in evidence appellant's written confession, in which he stated that he and his companion had committed the offense of theft prior to coming to Whitesboro and that they were in the alley at the time the officer made the search for the purpose of preparing to burglarize a house. It was stated, further, in the confession that when the officer began to search Walker, appellant's companion, appellant pulled his pistol and stuck it against the officer and told him to hold his hands up; that the officer refused, and that believing that the officer was pulling a pistol on him, he shot at him; that he shot with the intention to kill. The state made no contention that the officer knew that appellant and his companion had committed an offense prior to coming to Whitesboro, or that they were preparing to commit an offense on the night the arrest was made. On the contrary, the officer attempted the arrest solely because he found appellant and his companion in an alley near the Methodist church.

The court instructed the jury that the arrest or attempted arrest of appellant and his companion, if authorized by a rule adopted by the city council of the city of Whitesboro, was legal. Following this instruction, the jury were advised, in substance, that if the injured party was not authorized by a rule adopted by the city council to arrest, without warrant, under the circumstances shown in the evidence, then that said arrest or attempted arrest was illegal. Further, the court instructed the jury that if the arrest or attempted arrest of the parties was illegal, then appellant had the right to resist such illegal arrest or attempted arrest and to use all the force that was necessary or that reasonably appeared to him to be necessary, viewing the case from his standpoint at the time, to resist such arrest or attempted arrest, and that if he used no more force than reasonably appeared to be necessary to prevent such arrest or attempted arrest of himself and his companion, or either of them, he should be acquitted. Appellant timely and properly objected to the charge of the court on the ground that the undisputed evidence showed

that the officer was unauthorized to arrest appellant or his companion without a warrant; and, further, on the ground that the jury should have been instructed that the arrest or attempted arrest was illegal. The opinion is expressed that the objection was well taken. The court should have instructed the jury that the arrest or attempted arrest was illegal. Article 214, C. C. P., reads as follows: "The municipal authorities of towns and cities may establish rules authorizing the arrest, without warrant, of persons found in suspicious places, and under circumstances which reasonably show that such persons have been guilty of some felony or breach of the peace, or threaten, or are about to commit some offense against the laws."

Articles 999 and 1147, Revised Statutes, 1925, define the powers and duties of city marshals. The right to arrest, without warrant, persons found in suspicious places, etc., under the conditions described in article 214, C. C. P., is not accorded in articles 999 and 1147, supra. After defining the powers and duties of the marshal, article 999 provides: "He shall perform such other duties and possess such other powers and authority as the city council may by ordinance require and confer, not inconsistent with the constitution and laws of this state." On this point article 1147 provides: "He shall discharge all other duties that may be prescribed by the by-laws and ordinances, not inconsistent with the laws of this state. * * *." In McQuillin Municipal Corporations, sec. 632, is found the following:

"Local laws of a municipal corporation, duly enacted by the proper authorities, prescribing general, uniform and permanent rules of conduct, relating to the corporate affairs of the municipality, are, in this country, generally designated as ordinances. 'By-laws' or 'bye-laws' was the original designation. In England and in a few states such local laws are so named, the prefix 'by' or 'bye' signifying the place of habitation or local community with defined limits.

"The words 'by-laws' and 'ordinances' are often used interchangeably in statutes and charters, as that upon 'the passage of any by-law or ordinance', the yeas and nays shall be called and recorded."

In section 633 of the same work from which the foregoing quotation is taken, it is said: "An ordinance prescribes a permanent rule of conduct or government, while a resolution is of a temporary character only. It may be stated as a general rule that matters upon which the municipal corporation desires to legislate must be put in the form of an ordinance, while all acts that are done in its ministerial capacity and for a temporary purpose may be put in the form of resolutions."

We think it is clear that in order for a city marshall to have the authority, under the provisions of article 214, C. C. P., to make an arrest without a warrant, the municipal authorities of the town or city must have established rules by the enactment of an ordinance authorizing the

arrest without warrant under the conditions described in said article. For authorities bearing on the question, see Haller v. State, 72 Texas Crim. Rep., 294, 162 S. W., 872; Presley v. Ft. Worth & D. C. Ry. Co. (Texas Crim. App.), 145 S. W., 669.; Harper v. State, 84 Texas Crim. Rep., 345, 207 S. W., 96.

If another trial be had, testimony touching the commission of separate and distinct offenses by appellant should not be received. Under the facts in the record before us, such testimony was not revelant and material to any issue in the case.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.