## C. P. Bennett v. The State.

No. 15424.   Delivered December 7, 1932.
Rehearing Denied January 11, 1933.
Reported in 55 S. W. (2d) 847.

The opinion states the case.

*Kirby, King & Overshiner,* of Abilene, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is burglary; the punishment, confinement in the penitentiary for two years.

The Merkel Motor Company's place of business was burglarized at night. The property taken from the building was money, automobile casings, and tubes. The money consisted of nickels, quarters, and half dollars. On the same night appellant and Raymond L. Smith were arrested in the vicinity of the building. Near them were the automobile casings belonging to Merkel Motor Company. Upon being taken in custody, appellant and Smith were searched. They had in their possession a number of nickels, quarters, and half dollars, and two screw drivers. An examination of the building showed that an instrument of some character had been used to open the window. The screw drivers found in the possession of appellant and Smith fitted the prints where the window was opened.

Appellant objected to the testimony of the arresting officer touching the finding of the money and screw drivers in his possession on the ground that the arrest was illegal. The officer had no warrant of arrest. The municipal authorities had enacted no ordinance under the provisions of article 214, C. C. P., authorizing the arrest without warrant of persons found in suspicious places, etc. In holding the arrest legal, the trial court made application of the provisions of article 325, C. C. P.,

reading as follows: "All persons have a right to prevent the consequences of theft by seizing any personal property which has been stolen, and bringing it, with the supposed offender, if he can be taken, before a magistrate for examination, or delivering the same to a peace officer for that purpose. To justify such seizure, there must, however, be reasonable ground to suppose the property to be stolen, and the seizure must be openly made and the proceedings had without delay."

The testimony of the arresting officer was, in substance, as follows: In performing his duties as night watchman, he was walking down an alley near the place of business of the Merkel Motor Company between 1 and 2 o'clock in the morning. Hearing a noise he went toward a vacant lot near the building of the Merkel Motor Company. He could see something in the dark about 18 feet from the building. Turning on his flash light, he saw two men on the vacant lot within 18 feet of the business house of the Merkel Motor Company. Appellant was within one and one-half feet of some unwrapped automobile casings, stooping over them. Neither appellant nor his companion had created any disturbance in his presence prior to their arrest. He did not know the building had been burglarized. No person had notified him that a felony had been committed. At this point we quote from the testimony of the officer as follows: "I threw my pistol on them and arrested them because they were in the dark and in a suspicious place and I did not know but what they were armed. I did not want them to have any advantage over me because I was alone. The large man, Bennett, was standing in the back of a short building by some automobile casings, that I presumed were stolen, and I did not want to take any chances on it. I threw my light on these two men at the same time. I saw the casings when I threw the light on them. They were new casings. When I threw my light on them, I could not see what Bennett was doing. He was in a foot or two of these casings. The other man was standing about six feet from them, Mr. Smith. When I threw my light on these two men, I told them to put up their hands and they did so. They had made no move before I told them to put up their hands. I do not think they had ever seen me until I flashed the light on them and he, Bennett, raised up."

The facts and circumstances related by the officer are deemed sufficient to support the conclusion that he had reasonable ground to suppose that appellant and his companion had stolen the automobile casings. It follows that we are of the opinion the trial court was not in error in making application

of the provisions of article 325, supra. See Hammond v. State, 49 S. W. (2d) 779. The case of Woods v. State, 119 Texas Crim. Rep., 43, 46 S. W. (2d) 704, is not deemed to support appellant's contention. There the arrest was made solely because the officer discovered the appellant at night in an alley in the towns of Whitesboro. The officer saw no property in Wood's possession or near him. There was no reasonable ground to suppose that Woods had stolen any property. The municipal authorities had enacted no ordinance under the provisions of article 214, C. C. P., warranting an arrest without warrant of persons found in suspicious places, etc.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant insists that the arrest of him and his companion was illegal, and therefore their search unauthorized and the evidence as to the result of the search inadmissible, and that our holding to the contrary in the original opinion was erroneous.

As we understand the motion, appellant bases his contention largely on the case of Woods v. State, 119 Texas Crim. Rep., 43, 46 S. W. (2d) 704, which he claims is controlling here. Article 214, C. C. P., provides: "The municipal authorities of towns and cities may establish rules authorizing the arrest, without warrant, of persons found in suspicious places, and under circumstances which reasonably show that such persons have been guilty of some felony or breach of the peace, or threaten, or are about to commit some offense against the laws."

Woods was arrested in the City of Whitesboro, which at the time had not adopted an ordinance embracing the provisions of article 214. The arrest there was held illegal because Woods was simply strolling about the city at night in suspicious places. The arrest in this case was made in the City of Merkel, which had not adopted the provisions of article 214. If there were no facts bringing into operation other articles of our statute the Woods case would be controlling, but we think the facts make applicable article 325, C. C. P., which we again quote, italicizing that part which we think particularly pertinent. "All persons

have a right to prevent the consequences of theft by seizing any personal property which has been stolen, and bring it, with the supposed offender, if he can be taken, before a magistrate for examination, or delivering the same to a peace officer for that purpose. *To justify such seizure, there must, however, be reasonable ground to suppose the property to be stolen, and the seizure must be openly made and the proceedings had without delay.*"

Between 1 and 2 o'clock at night the arresting officer heard noises which caused him to discover appellant and his companion in the dark in the rear of some buildings, one of them stooping over some automobile casings which still had the wrappings on them, and which the officer said he "presumed were stolen." We can not escape the conclusion that the facts made pertinent the italicized part of article 325, and that the officer had "reasonable grounds to suppose the property to be stolen," and also that appellant and his companion were the thieves. We are not quite sure that it is the purpose of appellant to insist that before the officer would be authorized to arrest under article 325, C. C. P., it would be necessary for him to have had information that a a felony had been committed, and the property discovered by him stolen, and that the offender was about to escape. If such is the position of appellant then we are not in accord therewith. If the information mentioned had been given the officer then both article 325 and article 215, C. C. P., might have been operative; the latter article reading as follows: "Where it is shown by satisfactory proof to a peace officer, upon the representation of a credible person, that a felony has been committed, and that the offender is about to escape, so that there is no time to procure a warrant, such peace officer may, without warrant, pursue and arrest the accused."

Under the facts of many of the reported cases, both articles are operative, but it is not our understanding that before an officer may proceed under article 325, C. C. P., he must have information that a "felony" had been committed, and that the offender was about to escape. This article is found under title of search warrants. It was evidently designed to prevent the consequences of theft by clothing private persons with authority, in the absence of a warrant to seize property where there was reasonable ground to suppose it to have been stolen, and to bring it, with the supposed offender, before the proper magistrate. Certainly the rights of an officer, when acting

under the provisions of said article, would be no more limited or restricted than those of ordinary citizens.

The officer testified as follows: "I threw my pistol on them and arrested them because they were in the dark and in a suspicious place, and I did not know but what they were armed. I did not want them to have any advantage of me because I was alone."

It is urged that this statement from the officer shows that he simply arrested the parties on suspicion, without authority by ordinance of the city to so do. The state should not be bound by a portion of what the officer said, but his entire statement should be considered. In connection with the part of his testimony above quoted, and immediately following it, he testified: "The large man, Bennett, was standing in the back of a short building by some automobile casings, that I presumed were stolen, and I did not want to take any chances on it."

In addition to the authorities cited in our original opinion, and as supporting the conclusion reached, we cite, Childress v. State, 107 Texas Crim. Rep., 10, 294 S. W., 586; English v. State, 34 Texas Crim. Rep., 194, 30 S. W., 233; Porez v. State, 29 Texas Crim. Rep., 618, 16 S. W., 750; Luera v. State, 12 Texas App., 257.

The motion for rehearing is overruled.

*Overruled.*