In addition to the authorities cited in our original opinion, and as supporting the conclusion reached, we cite Childress v. State, 107 Tex. Cr. R. 10, 294 S. W. 586; English v. State, 34 Tex. Cr. R. 194, 30 S. W. 233; Porez v. State, 29 Tex. App. 618, 16 S. W. 750; Luera v. State, 12 Tex. App. 257.

The motion for rehearing is overruled.

### Raymond L. SMITH v. STATE.
### No. 15425.

Court of Criminal Appeals of Texas.
Dec. 7, 1932.

Rehearing Denied Jan. 11, 1933.

Kirby, King & Overshiner, of Abilene, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

CHRISTIAN, J.

The offense is burglary; the punishment, confinement in the penitentiary for two years.

C. P. Bennett and appellant acted together in the commission of the offense. The question involved is the same as that discussed in the case of C. P. Bennett v. State (Tex. Cr. App.) 55 S.W.(2d) 847, delivered December 7, 1932.

The judgment is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

On Motion for Rehearing.

HAWKINS, J.

This is a companion case to that of C. P. Bennett v. State, 55 S.W.(2d) 847, in which a motion for rehearing has this day been overruled.

The facts are the same; the questions of law identical; and the same reason that led to overruling the motion for rehearing in the Bennett Case is operative here.

The motion for rehearing is overruled.

### ERVIN v. STATE.
### No. 15711.

Court of Criminal Appeals of Texas.
Nov. 9, 1932.

Rehearing Denied Jan. 11, 1933.

See, also, 119 Tex. Cr. R. 204, 44 S.W.(2d) 380.

J. C. Shipman and R. C. Winters, both of Abilene, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

HAWKINS, J.

Conviction is for possessing intoxicating liquor for the purpose of sale; punishment one year in the penitentiary.

The indictment charges the offense. The record contains neither statement of facts nor bills of exception. In such condition no matter is presented to this court for review.

The judgment is affirmed.