

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

August 8, 1957

Honorable Wm. J. Burke                     Opinion No. WW-128.
Executive Director
State Board of Control          Re:     Authority of the Capitol
Capitol Station                         Guards to enforce park-
Austin, Texas                           ing and other regulations
                                        within the Capitol
Dear Mr. Burke:                         Grounds.

        You have requested our opinion as to whether or
not Capitol Guards have authority to issue parking tickets
and/or arrest violators of the speed and traffic laws, and
those guilty of abuse and malicious destruction and/or theft
of State property in the event such persons are apprehended
by the Capitol Guards.

        It is axiomatic that in a government in which the
duties of all officers, as well as their powers, are defined
by written law, no power should be exercised unless author-
ized by law.

        We have been unable to find any Constitutional or
Statutory provisions clothing the Capitol Guards with police
enforcement powers. Article 36, Vernon's Code of Criminal
Procedure, provides:

        "The following are 'peace officers':  the
    sheriff and his deputies, constable, the mar-
    shal or policemen of an incorporated town or
    city, the officers, non-commissioned officers
    and privates of the State ranger force, and
    any private person specially appointed to exe-
    cute criminal process."

Capitol Guards are not directly, or impliedly, mentioned.

        Article 37, Vernon's Code of Criminal Procedure,
sets forth the duties and powers of "peace officers."

        Article 41, Vernon's Code of Criminal Procedure,
establishes sheriffs as "Conservator of the peace" and sets
forth his duties as such.

        Highway patrolmen are clothed with the powers and

duties of "peace officers" and rangers. Acts 45th Leg., 1937, ch. 373, p. 772.

Your attention is called to Article 212, Vernon's Code of Criminal Procedure, which provides:

"A peace officer or <u>any other person, may, without warrant, arrest an offender when the offense is committed</u> in his presence or within his view, if the offense is one classed as a felony, or as an 'offense against the public peace.'" (Emphasis ours)

Article 325, V.C.C.P., is also germane to your problem, and provides as follows:

"All persons have a right to prevent the consequences of theft by seizing any personal property which has been stolen, and bringing it, with the supposed offender, if he can be taken, before a magistrate for examination, or delivering the same to a peace officer for that purpose. To justify such seizure, there must, however, be reasonable ground to suppose the property to be stolen, and the seizure must be openly made and the proceedings had without delay."

A private person's right to arrest in all cases in which stolen property is found in the possession of the thief, is clearly given by this article, <u>Morris v. Kasling</u>, 79 Tex. 141, 15 S.W. 226 (1890); and the owner or lawful custodian of property may arrest a thief without warrant, if done openly and without delay, being officer <u>de jure</u>, for time being. <u>Henderson v. U. S. Fidelity & Guaranty Co.</u>, 298 S.W. 404 (Tex. Comm.App. 1927), rehearing denied, 10 S.W.2d 534 (Tex.Comm. App. 1928).

Under this article, in order to furnish "reasonable grounds" or "probable cause," the person making arrest must have information or knowledge amounting to more than mere suspicion. <u>Adams v. State</u>, 137 Tex.Crim. 43, 128 S.W.2d 41 (1939).

From the aforementioned statutes, it is apparent that those who may perform the duties necessary to enforce the laws of the State of Texas have been specifically authorized to do so by legislative enactment.

You are advised that the Capitol Guards do not have authority to issue parking tickets and/or arrest violators of the speed and traffic laws and those guilty of abuse and malicious destruction, except in those instances where such offense constitutes a felony or an offense against the public peace, and the offense is committed in the guard's presence or within his view.

You are advised that, under Article 325. V.C.C.P., the Capitol Guards have authority to arrest any person committing a theft, or any person in whose possession is found stolen property, so long as the guard has reasonable ground to suppose that the property is stolen, and the arrest is made openly and the thief is taken before a magistrate for examination, or delivered to a peace officer, without delay.

You are advised that it is within the province of the Legislature, by statutory enactment, to clothe the Capitol Guards with the authority to properly enforce the regulations laid down by the State Board of Control pertaining to the Capitol Building and Capitol grounds.

## SUMMARY

The Capitol Guards do not have authority to issue parking tickets and/or arrest violators of the speed and traffic laws and those guilty of abuse and malicious destruction, except in those instances where such offense constitutes a felony or an offense against the public peace, and the offense is committed in the guard's presence or within his view. If made in accordance with Article 325, V.C.C.P., the Capitol Guards may arrest any person in order to prevent the consequences of theft. The Legislature may, by statutory enactment, clothed the Capitol Guards with the authority to properly enforce the regulations laid down by the State Board of Control pertaining to the Capitol Building and Capitol Grounds.

Very truly yours,

WILL WILSON
Attorney General of Texas

By Marvin R. Thomas, Jr.
Marvin R. Thomas, Jr.
Assistant

MRT:wb

APPROVED:

OPINION COMMITTEE

H. Grady Chandler, Chairman
W. V. Geppert
Wallace Finfrock
B. H. Timmins, Jr.

REVIEWED FOR THE ATTORNEY GENERAL

BY: Geo. P. Blackburn