J. C. SNELL, Inmate, Plaintiff-Appellant,

v.

Herman SHORT, Police Chief, Houston Police Department, Defendant-Appellee.

No. 76–3229
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Jan. 10, 1977.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

J. C. Snell, pro se.

Joseph G. Rollins, Sr. Asst. City Atty., Otis H. King, City Atty., Houston, Tex., for defendant-appellee.

Before BROWN, Chief Judge and GEWIN and MORGAN, Circuit Judges.

PER CURIAM:

Appellant Snell, a Texas prisoner, brought this pro se civil rights action under 42 U.S.C. § 1983, alleging that the defendants, who are or were officials of the Houston Police Department, wrongfully deprived him of a sum of money. The money was seized by the police as evidence in the robbery investigation that resulted eventually in Snell's conviction.[1] After Snell's trial, the police turned the money over to the robbery victim's insurer. Snell claims that the failure of the police to return the money to him deprived him of property without due process of law. The district court granted summary judgment for the defendants on the basis that the statute of limitations borrowed from state law had run.[2]

The parties agree that the applicable Texas statute[3] provides a two year period within which suit must be brought, and there can be no dispute that the statute is triggered, barring some infirmity, when the cause of action accrues. The district court held that the statute began running against Snell when his common law wife went to the police and demanded return of the money. This demand occurred before Snell was taken into custody on the robbery charge.[4]

---

1. Snell claims he inadvertently left the money in a taxi cab and that the money was not robbery loot. The police apparently took the money from the cab company before Snell could claim it. The sum involved is alleged to be $3,553.34.

2. Section 1983 contains no statute of limitations, so the analogous state statute must be borrowed. *Bryant v. Potts,* 528 F.2d 621 (5th Cir. 1976); *Boshell v. Alabama Mental Health Board,* 473 F.2d 1369 (5th Cir. 1973).

3. Tex.Rev.Civ.Stat.Ann. art. 5526 (Vernon 1958).

4. When Snell's wife went to the taxi cab company to get the money, *see* note 1 *supra,* a robbery detective who was there told her that

Snell contends that the refusal of the police to release the money at the time of the demand was not constitutionally impermissible, because the money was being held as evidence. Thus, argues Snell, his § 1983 action did not arise at that point. Instead, Snell suggests, the civil rights action accrued only when the police no longer had a legitimate interest in withholding the money from its true owner. Snell identifies that point as the termination of his robbery trial.

■ The district court order does not explain the rationale behind the holding that the § 1983 action accrued at the time Snell's wife demanded and was refused return of the money. Nor does the court cite any authority on point. The court may have rested its conclusion upon an analogy to the common law tort of conversion. When possession of property is lawful at the outset, as it was here, conversion occurs when the possessor refuses the owner's demand for return of the property.

■ We think the analogy is inappropriate on these facts. Under Texas law, an officer in possession of property alleged to have been stolen cannot release the property except upon the order of a court or magistrate. Tex.Crim.Pro. Code Ann. art. 47.01 (Vernon 1966). An officer's lawful possession of property under article 47.01 during the pendency of a criminal prosecution does not become wrongful simply because demand has been made for return of the property. *Cf. Southwestern Bell Telephone Co. v. Commercial Metals Co.,* 389 S.W.2d 116 (Tex.Civ.App.1965) (demand made after criminal case dismissed *held* to trigger conversion); *Reiner v. Marceau,* 338 S.W.2d 285 (Tex.Civ.App.1960) (demand made after officer's failure to comply with procedural rules regarding custody of property *held* to trigger conversion). Thus, a Texas court would not have held the police conduct here to have been a conversion at the point when the officers refused Snell's wife's demand for return of the money. The conversion action could accrue only af-

the money already had been seized by the police. Snell alleges that his wife immediately

ter the police lost the protection of article 47.01.

We do not doubt that, in applying the sweeping mandate of § 1983 to the great variety of human conduct, a district court may seek the aid of common law analogues to the federal claim, but here we believe the grafting should be done anew to take account of the application of the state law concepts to the peculiar facts of this case. We therefore remand the case to the district court for a reconsideration of the statute of limitations issue. We decline to reach any of the other issues raised by the parties on this meager record.

VACATED and REMANDED.

proceeded to the police station and asked for the money.