W. J. WYBLE V. THE STATE.

No. 21015.  Delivered May 8, 1940.
Rehearing Denied October 16, 1940.

124

The opinion states the case.

*David E. O'Fiel,* of Beaumont, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appeal is from a fine of $100.00 assessed by the County Court of Jefferson County for a violation of the liquor laws.

It is alleged in the complaint and information that appellant had in his possession "an illicit alcoholic beverage containing more than one-half of one per cent of alcohol by volume," etc.; that it was in a container to which no tax stamp showing the payment of the tax on said beverage due to the State of Texas was affixed, and to which there was no valid evidence showing the payment of the tax on said beverage to the State of Texas. The further formal allegation is made that such tax is due.

This complaint and information has been approved in the case of J. M. Austin v. State, No. 20,951, recently decided but not yet reported.

The State's evidence is to the effect that appellant lived with his family consisting of his wife and several children at 812 Miller Street in the city of Beaumont. On or about the 29th day of September, 1939, five officers, with a search warrant, went to the premises and there discovered in the bath room of the appellant's house several gallons of whisky in a container to which no stamp was attached and there was no evidence showing payment of the tax due to the State of Texas. The whisky was transferred into other containers and consisted of about six gallons which were brought into the court room and introduced in evidence in the case.

Some exceptions were taken and presented in the record in a manner which raises a very doubtful question as to whether

or not they should be considered by this court; however, the only one giving serious consideration relates to testimony concerning the number of the house searched and whether or not it corresponded with the number given in the search warrant. Appellant on the witness stand admitted this number to be correct and all evidence regarding the same became immaterial. There is nothing in the procedure or in the jury's verdict to indicate that this evidence was in any way prejudicial.

There is but one bill of exception which complains of the ruling of the court in admitting the evidence of the officers as to the things they found in the private residence of the appellant. This is based upon the contention that the search warrant produced was illegal; first, because it does not describe the residence to be searched. On this point, it is described as 812 Miller Street in the city of Beaumont, and being occupied by the appellant. We are unable to see the point of objection in this respect. It is further objected that the correct number of the house was not given. All of the evidence, both for the State and the defendant, on this subject gives this number and we are unable to see the basis of this objection.

The third objection is that the search warrant purports to be based merely upon information and belief and that no facts are recited which would authorize the issuance of such warrant, it being contended that the statement that the affiants "received reliable information by a trustworthy citizen of Jefferson County, Texas, that liquor was being kept at the premises described" does not comply with the requirements of the statute and that the facts should all be stated showing what information they did receive. This question has been recently considered in a number of cases adhering to the long line of decisions, and we think the court should not be required to write on it at this time. The contention is not sustained.

The questions of fact in the case, as testified to by the witnesses for the State, are strongly denied by the appellant, his wife and two sons, each of whom stated that the officers came to the house on the night alleged and made a search of the premises but went away without finding any liquor; that for some reason unknown to them they arrested the appellant and took him to jail that night out of a sick bed. They denied that the liquor or the containers were found in the search. These are questions of fact upon which the jury has passed and of which this court has no jurisdiction.

No error being shown on the trial of this case, the judgment is affirmed.

ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant in his motion attacks the constitutionality of H. B. No. 5, Chapter 448, Acts of the Regular Session of the 45th Legislature, because of the fact, as he alleges, that same has a defective caption, as well as that such act contains more than one subject, as well as many other allegations attacking the validity of this act.

It will be observed that such act is denominated the "Liquor Control Law," and, as such, of a necessity must take in a wide range of subjects in order to effect its purpose. We also observe that same is amendatory of another and earlier statute passed for the same purpose of controlling the liquor traffic in this State at the time the prohibitory liquor amendment had been superseded. We do not think that it is necessary for the caption of this latter statute to set forth in detail the enormous amount of detailed regulations that would necessarily have to appear in the body of the bill.

However we are not driven to such reasoning to find a justification for the presence of a penalty now present against the possession of untaxed liquor. We do find the caption of the last liquor control act contains the following: "* * * levying, altering and clarifying fees and taxes heretofore levied, and levied by the provisions of this act, and providing for their collection, and allocating such fees and taxes collected. * * *"

It is to be further noted that under Section 3a of such last liquor control act an illicit beverage is defined, among other things, as an alcoholic beverage possessed upon "which any tax imposed by the laws of the State of Texas has not been paid and the tax stamp affixed thereto."

It is further noted that the possession of any "illicit beverage" is punished by a proper section of such an enactment. See Section 41, p. 1090, Acts 45th Legislature, Regular Session.

We are not impressed with the contention setting up the alleged unconstitutionality of this portion of the statute.

Neither do we see any strength in the contention that because the paragraph defining "illicit beverage" in such act sets forth more than one thing that can constitute an illicit beverage, such would constitute such paragraph to fail because of a fancied duplicity. Reference can be made to multiple statutes that set forth in their categories many ways in which a violation thereof can be found, and a conviction had for the commission of any one of such methods of committing the one denominated offense. They are too numerous to demand mention.

Nor do we think the complaint insufficient to charge an offense. It charges the possession of an illicit alcoholic beverage, to-wit: whisky, in a container to which no stamp showing the payment of the tax on said beverage due to the State of Texas was affixed, etc. This seems to follow the definition of what the law has termed an illicit beverage, and we think is sufficient to put appellant upon notice in legal terms of what he was charged with.

Appellant further complains of the search warrant under which this whisky was alleged to have been found. He gives to us no valid reason, however, why same should be held invalid by us, and his objections thereto were properly overruled.

We think the original disposition of this case should not be disturbed, and the motion is overruled.