

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

July 10, 1961

Honorable George A. Day
County Attorney
Brown County
Brownwood, Texas

Dear Sir:

Opinion No. WW-1089

Re: Whether a person who violates
Article 666-25b, V.P.C., by
having in his possession any
intoxicating beverages may
be arrested without a warrant

Your letter of June 5, 1961, requests an opinion of this Department on the above subject. The pertinent part of the letter is quoted as follows:

"My question is one concerning Article 666-25b of the Penal Code of Texas set out in Vernon's Statutes. Such article provides that it shall be unlawful for any person or persons to bring or carry into any enclosure, field, or stadium, where athletic events, sponsored or participated in by the public schools of this State, are being held, any intoxicating beverage or to have any intoxicating beverage in his possession while in or on said enclosures, field or stadium. Section Two of that article provides that any officer of this State seeing any person or persons violating the terms of the above Section, that officer shall immediately seize such intoxicating beverage and shall within a reasonable time thereafter deliver same to the County or District Attorney who shall hold the same as evidence until the trial of the accused party and shall thereafter dispose of the same. Section Three provides for the penalty.

"My question is as follows: May an officer seizing the intoxicating beverage under the conditions described above also make an arrest of the person who is in possession of the same on the spot without a warrant."

Chapter 8, Title 11, V.P.C., is cited as the "Texas Liquor Control Act" and embraces Articles 666-1 et. seq. through Article 667-1 et. seq.

Article 666-2, V.P.C., provides as follows:

"This entire Act shall be deemed an exercise of the

police power of the State for the protection of the welfare, health, peace, temperance, and safety of the people of the State, and all its provisions shall be liberally construed for the accomplishment of that purpose." Acts 44th Leg., 2nd C.S. 1935, ch. 467, p. 1795.  (Emphasis added.)

Article 666-25b, V.P.C., the subject act of this inquiry reads as follows:

"Section 1.  It shall be unlawful for any person or persons to bring or carry into any enclosure, field or stadium, where athletic events, sponsored or participated in by the public schools of this State, are being held, any intoxicating beverage or to have any intoxicating beverage in his possession while in or on said enclosure, field or stadium.

"Sec. 2.  Provided that if any officer of this State sees any person or persons violating the terms of Section 1 of this Act, he shall immediately seize such intoxicating beverage and shall within a reasonable time thereafter deliver same to the County or District Attorney who shall hold same as evidence until the trial of the accused party and shall thereafter dispose of same.

"Sec. 3.  Any person or persons violating the provisions of this Act shall be guilty of a misdemeanor and upon conviction shall be fined any sum not less than Twenty-five ($25) Dollars and not more than Two Hundred ($200) Dollars. . ."

Definitions as used in the chapter are set out in Article 666-3a, Sec. (4) thereof providing, in part, the following:

"'Illicit Beverage' shall mean and refer to any alcoholic beverage. . . possessed, . . . in violation of this Act, . . .; and any alcoholic beverage possessed, kept, . . . owned . . . in violation of the provisions of this Act."

"Illicit" as applied above is given its usual and ordinary meaning in the following definition from 20 Words and Phrases 93:

"'Illicit' means not permitted or allowed; improper; unlawful.  Kennedy v. State, 200 S.W.2d 400, 407, 150 Tex.Cr.R. 215. . ."

In Wyble v. State, 147 S.W.2d 243 (Tex.Crim. 1940), the court upheld the "illicit beverage" provisions and the means of enforcing it, citing Article 666-3a and Article 666-42 V.P.C., and stated that possession of any "illicit beverage" is punishable by a proper section of the Texas Liquor Control Act.

Article 666-31 makes it the duty of all peace officers of this State, including city, county and state, to enforce all provisions of this Act and provides that whenever any officer shall arrest any person for violation of any provisions of this Act he shall take into his possession all illicit beverages which the person so arrested has in his possession.

Article 666-42 provides for seizures, etc.:

> "All illicit beverages as defined by this Act . . .
> may be seized with or without a warrant by . . . any
> peace officer and any person found in possession . . .
> thereof may be arrested without a warrant." (Emphasis
> added.)

Article 666-25b is more specific in defining the crime of possession of illicit beverages in enclosures, field or stadium participated in by schools. Further it provides for the seizure by an officer of the beverage in possession of the accused. The act also, in Section 3 thereof, provides its own penalty, a misdemeanor with a fine of not less than Twenty-five ($25) Dollars and not more than Two Hundred ($200) Dollars. We construe this Act to be cumulative of all other articles and sections in the Texas Liquor Control Act and as being a specific pronouncement of an unlawful activity for which the accused may be arrested without a warrant.

We are mindful of the provisions of Article 37, Article 212, Article 213 and Article 214, V.C.C.P., but they do not conflict with the special provisions of the Texas Liquor Control Act. The last sentence in Article 37, relating to duties and powers of peace officers, is quoted as follows:

> "He shall arrest offenders without warrant in every
> case where he is authorized by law, in order that they
> may be taken before the proper magistrate or court and
> be tried." (Emphasis added.)

Article 214, V.C.C.P., authorizes municipal authorities of towns and cities to establish rules authorizing certain arrests without a warrant. Included are those apprehended who are about to commit some offense against the laws. Many cities have adopted ordinances which provide for the authority granted. For a discussion of this rule see Woods v. State, 46 S.W. 2d 704 (Tex.Crim. 1932).

The special enactment for the enforcement of the liquor laws, being designed for a particular purpose, supersedes the general laws in conflict.

We therefore are of the opinion that Article 666-25b, V.P.C., may be enforced in accordance with the authority granted in Chapter 8, V.P.C., and that a person accused of violation of the provisions thereof, by being in possession of any intoxicating beverage in the prohibited area, may be arrested without warrant.

### SUMMARY

Persons accused of the violation of Article 666-25b, V.P.C., by being in possession of any intoxicating beverage in or on the prohibited area may be arrested without warrant.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Harris Toler

Harris Toler
Assistant Attorney General

HT/br

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

John Reeves
John Leonarz
Linward Shivers

REVIEWED FOR THE ATTORNEY GENERAL
By:  Morgan Nesbitt